# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 01-3302

RECEIVED
BY MAIL
MAY - 1 2006
CLERK, US DIST. COURT
ST. PAUL, MN

United States of America, *
Plaintiff - Appellee, *
v. *
Daniel Joseph Blahowski, *
Defendant - Appellant. *

CR 02-18 RHK/AJB

No. 01-3930

Appeals from the United States District Court for the District of Minnesota.

United States of America, *
Plaintiff - Appellee, *
v. *
Michael Allen Francisco, *
Defendant - Appellant. *

No. 02-2973

United States of America, *

SCANNED
MAY 01 2006
U.S. DISTRICT COURT ST. PAUL

Plaintiff - Appellee, *
*
v. *
*
Ramon Emilio Rascon, *
*
Defendant - Appellant. *

Submitted: May 14, 2002
October 30, 2002

Filed: April 4, 2003

Before WOLLMAN, BRIGHT, and JOHN R. GIBSON, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Daniel Blahowski, Michael Francisco, and Ramon Rascon appeal the sentences imposed on them pursuant to their guilty pleas. These appeals arose out of unrelated events. Blahowski pleaded guilty to possessing more than fifty grams of methamphetamine with intent to distribute, under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (2000), Francisco pleaded guilty to unarmed bank robbery, under 18 U.S.C. § 2113(a) (2000), and Rascon pleaded guilty to being a felon in possession of a firearm, under 18 U.S.C. § 922(g)(1) (2000). Each appellant was sentenced as a career offender under U.S.S.G. § 4B.1. In each case, the district court's[1] application of the career offender enhancement was predicated on at least one conviction for

[1]Three judges of the District of Minnesota imposed the sentences involved in these cases. The Honorable Donovan Frank sentenced Blahowski, The Honorable David Doty sentenced Francisco, and The Honorable Richard Kyle sentenced Rascon.

burglary of a commercial building, which under United States v. Hascall, 76 F.3d 902 (8th Cir. 1996), satisfies the definition of a "crime of violence" under Guideline § 4B1.2. We have consolidated these appeals because each raises the same issue: did amendment 568 (1997) to the Sentencing Guidelines reject our conclusion in Hascall and require the district court to examine the defendant's actual conduct that formed the evidentiary basis for his prior conviction for burglary of a commercial building in order to determine whether that burglary conviction constitutes a crime of violence under § 4B1.2? We conclude that it did not and affirm the sentences imposed by the district courts.

I.

Daniel Blahowski was charged with both possession with intent to distribute methamphetamine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and distribution of methamphetamine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) following his arrest on March 26, 2001. He pleaded guilty only to the possession count. The government argued that Blahowski should be sentenced as a career offender under Guideline § 4B1.1 based on two predicate offenses: a 1989 felony conviction in Wisconsin for delivery of a controlled substance and a 1990 conviction in South Dakota for third-degree burglary of a jewelry store. Blahowski argued that although burglary of a commercial building is categorically treated as a crime of violence in this Circuit, his burglary offense did not involve any actual violence and should not be treated as such. The district court disagreed, concluded that these convictions required it to treat Blahowski as a career offender, and sentenced him to 188 months.

Michael Francisco pleaded guilty to a charge under 18 U.S.C. § 2113(a) for the robbery of the Twin City Federal National Bank in Crystal, Minnesota on May 17, 2001. At sentencing, the government did not request that Francisco be sentenced as a career offender, since it had overlooked the possibility that the career offender guideline might apply when it formulated its plea agreement with Francisco. The

district court nevertheless applied § 4B1.1 to Francisco on the basis of his prior convictions in Minnesota for second-degree burglary of a gas station and third-degree burglary of a local business and sentenced him to 151 months.

Ramon Rascon pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) following the sale of a firearm to an undercover police officer in Raymond, Minnesota on August 1, 2001. At sentencing, the government sought to classify Rascon as a career offender on the basis of several convictions, including one conviction for an attempted third-degree burglary of a local business in Minnesota. At the time of sentencing, Blahowski's and Francisco's appeals were already before this court. The district court applied the career offender guideline to Rascon, finding his attempted burglary conviction to be a crime of violence, and sentenced Rascon to ninety-two months. On October 30, 2002, we consolidated the Rascon appeal with Blahowski and Francisco.

II.

In United States v. Hascall, 76 F.3d 902, 906 (8th Cir. 1996), we held that burglary of a commercial building is a "crime of violence" as defined in § 4B1.2. We observed that this Guideline specifically designates "burglary of a dwelling" as a crime of violence, but does not refer to burglary of a commercial building. U.S.S.G. § 4B1.2(1)(ii). Nevertheless, we recognized that the clause in § 4B1.2 defining a crime of violence as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" contained identical language to the definition of "violent felony" under 18 U.S.C. § 924(e)(B)(ii) of the Armed Career Criminal Act. Hascall, 76 F.3d at 904. We had previously held that attempted second-degree burglary posed a serious risk of physical injury under this definition in section 924(e). Id. (citing United States v. Solomon, 998 F.2d 587, 590 (8th Cir. 1993)). Since there was no reason to conclude that these two identically worded clauses had different meanings, and since burglary of a commercial building posed

at least as serious if not greater risk of physical injury than attempted second-degree burglary, we concluded that burglary of a commercial building was a crime of violence under the "otherwise clause" of § 4B1.2(1)(ii) of the Sentencing Guidelines. Id. The evidentiary facts specific to a defendant's actual conduct in the course of committing a burglary are irrelevant in determining whether that conviction is a predicate offense under the career offender guideline. We have since followed Hascall on a number of occasions. United States v. Stevens, 149 F.3d 747, 749 (8th Cir. 1998) ("the burglary of non-residential property qualifies as a crime of violence"); United States v. Nation, 243 F.3d 467, 471, n.1 (8th Cir. 2001) (stating that burglary of a commercial building is a crime of violence under Hascall); United States v. Peltier, 276 F.3d 1003, 1006 (8th Cir. 2002), cert. denied 123 S.Ct. 246 (2002) ("We have already held that burglary of a commercial building is a crime of violence within the meaning of § 4B1.2(a)"); United States v. Sun Bear, 307 F.3d 747, 753 (8th Cir. 2002) ("burglary of commercial property is a crime of violence in this Circuit").[2]

Here, the appellants do not ask that we overrule our decision in Hascall but argue that we are not bound to follow Hascall in light of amendment 568, effective November 1, 1997, which amended the application notes governing § 4B1.2. The appellants contend that this amendment introduced for the first time language that states: "[t]herefore, in determining whether an offense is a crime of violence or a controlled substance offense for the purposes of § 4B1.1 (Career Offender), the

---

[2]In one case decided since Hascall, United States v. Fountain, 83 F.3d 946, 950 (8th Cir. 1996), the court appeared to examine the underlying evidentiary facts of the defendant's earlier burglary conviction in order to determine whether it posed a serious potential risk of physical injury. However, in United States v. Reynolds, 116 F.3d 328, 330 (8th Cir. 1997), we resolved any doubt as to whether Fountain was consistent with Hascall. We concluded that Fountain's holding rested on Hascall's rule that commercial burglary is always a crime of violence, and that any discussion of the underlying facts of the defendant's burglary was best understood as an alternative holding. Id.

offense of conviction (i.e., the conduct of which the defendant was convicted) is the object of inquiry." Amendment 568, U.S.S.G. App. C (adopted Nov. 1, 1997). They claim that this language requires the sentencing court to examine the specific evidence of the defendant's actual conduct during the course of committing the particular commercial burglary used as a predicate offense, in order to determine whether the defendant engaged in conduct that posed a serious potential risk of physical injury to another. Furthermore, appellants claim that since the commentary to the Sentencing Guidelines binds the federal courts in the same way as agency regulations, Stinson v. United States, 508 U.S. 36, 45 (1993), an amendment to that commentary in the application notes represents a change in the underlying law and requires us to apply the amended version of the commentary in lieu of any inconsistent precedent. Cf. United States v. Hanna, 153 F.3d 1286, 1288 (11th Cir. 1998) (stating that a change in statutory law is sufficient grounds for overruling the decision of a previous panel); Davis v. Estelle, 529 F.2d 437, 441 (5th Cir. 1976) (same).

We reject the appellants' argument because the 1997 amendments to the Guidelines commentary did not materially alter the application notes as they existed when we decided Hascall and thus do not provide grounds for overruling that decision. Before 1997, application note 2 to § 4B1.2 read in part:

> Other offenses are included [as crimes of violence] where (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . . by its nature, presented a serious potential risk of physical injury to another. Under this section, the conduct of which the defendant was convicted is the focus of inquiry.

(Emphasis added). In 1997, amendment 568 incorporated the language above into the second paragraph of a new version of application note 1 to § 4B1.2, with the

exception of the last sentence. After this amendment, the version of application note 3[3] upon which the defendants rely reads in part:

> Section 4B1.1 (Career Offender) expressly provides that the instant and prior offenses must be crimes of violence or controlled substance offenses of which the defendant was convicted. Therefore, in determining whether an offense is a crime of violence or controlled substance for the purposes of § 4B1.1 (Career Offender), the offense of conviction (i.e., the conduct of which the defendant was convicted) is the focus of inquiry."

(Emphasis added). As is evident from the language above, the ultimate phrase in the final sentence of the pre-1997 version of application note 2 is simply moved to conclude the last sentence of the post-amendment note 3. If anything, the addition of the phrase "the offense of conviction" in the post-amendment version emphasizes that the criminal offense itself and not the individual circumstances surrounding the defendant's conviction is the focus of the inquiry. It is also evident that the language immediately following (B) in the pre-1997 application note 2, "the conduct set forth (i.e., expressly charged) in the count of which defendant was convicted," remains post-amendment in the second sentence of the second paragraph of application note 1.[4]

The application notes before and after amendment 568 demonstrate that this amendment did not introduce new language which threatens the validity of Hascall. The portion of application note 3 that states: "in determining whether an offense is a crime of violence. . . the offense of conviction (i.e., the conduct of which the

---

[3]After amendment 568 in 1997, amendment 600 was adopted effective November 1, 2000, which simply renumbered what had been application note 2 after amendment 568 as application note 3.

[4]Amendment 568 added a number of additional provisions to application note 1; however, none of these provisions are relevant to the issues in this case.

defendant was convicted) is the focus of inquiry" does not differ in substance from the version that existed before November 1, 1997 and at the time we decided Hascall.[5] Since amendment 568 did not change the meaning of this application note between Hascall and this case, we may not depart from Hascall. See Peltier, 276 F.3d at 1006 (absent an actual change in the law that governs the case, one panel may not overrule the decision of a previous panel).

We also reject the appellants' claim that the language in the application notes to § 4B1.2 which states "the conduct of which the defendant was convicted is the focus of inquiry" requires some inquiry into the defendant's actual conduct during the course of committing a burglary to determine whether that conduct posed a serious potential risk of physical injury to another. The appellants argue that this language mandates the approach taken by the Fifth Circuit in United States v. Jackson, 22 F.3d 583, 584-85 (5th Cir. 1993). There, the court considered the description of the defendant's burglary offense found in the pre-sentence report, as well as testimony from a probation office employee, and concluded that since the burglarized premises were vacant, the defendant's burglary could not be considered a crime of violence.[6]

---

[5]The language introduced by amendment 568 in the first sentence of the amended application note 3 reads: "Section 4B1.1 (Career Offender) expressly provides that the instant and prior offenses must be crimes of violence or controlled substance offenses of which the defendant was convicted." This language does not affect the meaning of this note.

[6]There is some doubt whether the Fifth Circuit itself would still follow the approach of Jackson. In an unrelated case also titled United States v. Jackson, 220 F.3d 635, 637-39 (5th Cir. 2000), cert. denied, 532 U.S. 988 (2001), overruled on other grounds by, United States v. Charles, 301 F.3d 309 (5th Cir. 2002), the Fifth Circuit noted that Jackson conflicted with its earlier decision of United States v. Fitzhugh, 954 F.2d 253 (5th Cir. 1992), which prohibited the court from examining anything beyond the charging document in order to determine the defendant's conduct. It then held that since Fitzhugh predated Jackson, the former was the controlling law in the circuit. Id. At 639. See also United States v. Turner, 305 F.3d

We rejected that approach in United States v. Nation, 243 F.3d 467, 472 (8th Cir. 2001), in part on the basis of language in what was by that time application note 1, which, as we have set forth above, refers to "the conduct set forth (i.e. expressly charged) in the count of which defendant was convicted."[7] We concluded in Nation that the guidelines "direct us to examine the nature of the expressly charged conduct, rather than the particulars of the defendant's behavior, to determine whether a particular offense is a crime of violence. In a similar context, we have described this method as the 'categorical approach' to defining violent criminal conduct." Id. In a case such as this, Nation directs the sentencing court to examine the charging document for the predicate offense in order to determine whether or not the defendant was convicted of burglary of a commercial building. If so, that offense is a crime of violence under Hascall.

What we have said above is sufficient to compel us to affirm the sentences imposed upon Blahowski, Francisco, and Rascon, and to reject the arguments so vigorously urged upon us by their counsel. We recognize that the several circuits have engaged in considerable discussion of the issues presented in this case, and have

---

349, 351 n.3 (5th Cir. 2002) (noting that Fitzhugh describes the correct approach).

[7]This reference to application note 1 demonstrates, as can be seen above, that Nation was decided following the effective date of amendment 568.

followed different approaches to reach differing conclusions.[8] We need not prolong this opinion by detailed discussion of these decisions.

BRIGHT, Circuit Judge, dissenting.

I respectfully dissent from the majority opinion in this case because amendment 568 to the Sentencing Guidelines affords this panel the opportunity to reconsider United States v. Hascall, 76 F.3d 902 (8th Cir. 1996), and in light of the material change created by amendment 568, we should reject Hascall's holding that burglary of a commercial building is always a crime of violence.

Amendment 568 to the commentary of § 4B1.2 calls into question the rationale of Hascall. The amended application note limits the scope of the "otherwise" provision of § 4B1.2(a)(2) by requiring sentencing courts to "focus" on "the offense of conviction (i.e., the conduct of which the defendant was convicted)." This restriction of the "otherwise" provision undermines Hascall's categorical determination that all burglaries are crimes of violence.

The court in Hascall borrowed the generic definition of burglary provided by the Supreme Court in Taylor v. United States, 495 U.S. 575, 598-99 (1990), when it construed "violent felony" under 18 U.S.C. § 924(e). This analysis does not survive

---

[8]For example, the Tenth Circuit held in United States v. Smith, 10 F.3d 724, 732-33 (10th Cir. 1995), that commercial burglary is never a crime of violence. The Fourth and Eleventh Circuits have reached the same conclusion. See United States v. Harrison, 58 F.3d 115, 119 (4th Cir. 1995); United States v. Spell, 44 F.3d 936, 938 (11th Cir. 1995). The Seventh and Sixth Circuits, on the other hand, have adopted an approach that determines on a case-by-case basis whether a given burglary conviction used as a predicate offense poses a serious potential risk of physical injury to another individually, but limits the inquiry to the facts contained in the charging instrument. See, e.g., United States v. Hoults, 240 F.3d 647, 650-652 (7th Cir. 2001); United States v. Wilson, 168 F.3d 916, 929 (6th Cir. 1999).

amendment 568's statement that the focus of inquiry for determining whether an offense is a crime of violence under § 4B1.1 is the offense of conviction. That an amendment was made in fact tends to uncouple the analysis of what constitutes a crime of violence under § 4B1.2 from the analysis of what constitutes a violent felony under 18 U.S.C. § 924(e). The amendment to the commentary effectively amends the guidelines provision itself. See Stinson v. United States, 508 U.S. 36, 46 (1993) (stating that amendment to the commentary in the Guidelines Manual is one manner by which the Sentencing Commission may incorporate revisions in the Guidelines themselves).

Moreover, the amendment specifically explains that what courts are to weigh most heavily in determining whether a previous offense is a crime of violence is the "offense of conviction." The appellants' offenses of conviction here are various degrees of burglary, and what those offenses *are* is to be found in their elements and in the charging documents. Indeed, this court itself has stated that the district court is to "analyze the conduct set forth and/or expressly charged in the information and indictment" when considering whether a previous conviction qualifies as a crime of violence under §§ 4B1.1-2 of the guidelines. United States v. Fields, 167 F.3d 1189, 1191 (8th Cir. 1998).

It should give us pause that since the Hascall decision, no other circuit has determined that burglary is always a crime of violence. See United States v. Hoults, 240 F.3d 647, 651-52 (7th Cir. 2001) (listing the stances of the various circuits). Even the First Circuit, whose case United States v. Fiore, 983 F.2d 1 (1st Cir. 1992), persuaded the Hascall court, appears to have retreated slightly from such a categorical holding. See United States v. Dueno, 171 F.3d 3, 4-5 (1st Cir. 1999) (noting that not every crime that falls under the "otherwise" provision in the definition of "violent felony" in the Armed Career Criminal Act need be a "crime of violence" under § 4B1.2 of the sentencing guidelines). Amendment 568 is a change in the law, even if

the change is minor, and that change now permits this court to decide these cases without being bound by Hascall.

District courts under the revised guideline ought consider a defendant's specific conduct in committing a prior offense before determining that the offense is a crime of violence. Thus, I dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.